**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Nunez Carrillo, | No. CV-21-01742-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner seeks a writ of habeas corpus based on alleged errors during his trial and convictions in state court. The Report and Recommendation ("R&R") concludes Petitioner's claims lack merit and recommends the petition be denied and dismissed with prejudice. (Doc. 15). Petitioner filed objections to which Respondents filed a reply. (Doc. 16, 17). The R&R is correct and will be adopted in full.

Neither party objects to the factual background contained in the R&R. In brief, Petitioner was accused of shooting one person in the stomach. After a jury trial, Petitioner was convicted of two counts of aggravated assault and one count of unlawful discharge of a firearm. Petitioner was sentenced to 24 years on each aggravated-assault count and 3.75 years on the unlawful discharge count, with all three sentences to run concurrently.

On direct appeal, the Arizona Court of Appeals concluded the two convictions for aggravated assault were multiplicitous. (Doc. 12-1 at 123). That court explained Petitioner's "two aggravated-assault charges stemmed from only one act—shooting [the victim]." (Doc. 12-1 at 123). Based on that, Petitioner "committed only one act of

aggravated assault." In deciding the appropriate remedy, the court determined "both aggravated-assault convictions, in this case, carry identical sentences." If there had been any indication the trial court intended to impose different sentences on the two aggravated-assault counts, the court would have remanded for the trial court "to determine which conviction should be vacated." But the court of appeals believed that was unnecessary and opted to vacate one of the aggravated assault convictions. The Court of Appeals' decision to vacate one of those charges provided no meaningful relief to Petitioner. After the appellate decision, Petitioner was left with a conviction for aggravated assault that required he spend 24 years in prison as well as the conviction for unlawful discharge.

In October 2021, Petitioner filed the present habeas petition presenting a variety of claims. As correctly explained by the R&R, those "claims, read together, raise one issue, and that is a purported double jeopardy violation due to . . . multiplicitous" convictions. (Doc. 15 at 8). While not clear from his filings, Petitioner's argument appears to be that the constitutionally required remedy for two multiplicitous convictions is to vacate both. Thus, when the Arizona Court of Appeals chose to vacate only one of the aggravated assault counts, Petitioner believes that violated his rights under the Fifth Amendment's Double Jeopardy Clause.

Respondents conceded Petitioner's claim was timely and exhausted but they argued the claim failed on the merits. The R&R agreed and found the Arizona Court of Appeals' remedy regarding the two aggravated assault convictions was not contrary to, or an unreasonable application of clearly established federal law. (Doc. 15 at 10). Having reviewed that issue de novo, the R&R is correct. Petitioner has not cited any Supreme Court authority requiring all multiplicitous counts be vacated.[1] The well-established rule

---

[1] At times, Petitioner seems to argue the aggravated assault convictions and the unlawful discharge convictions were all multiplicitous such that, of the three convictions, only one could remain in place. Under this theory, Petitioner claims he should only have to serve the sentence attributed to the unlawful discharge conviction. Petitioner does not develop this argument in any detail and it does not appear Arizona's aggravated assault and unlawful discharge crimes are multiplicitous. Those two crimes each "requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

is that when two convictions are deemed multiplicitous, the proper remedy is to vacate one of the convictions, leaving the other conviction in place. *See, e.g.*, *United States v. Zalapa*, 509 F.3d 1060, 1065 (9th Cir. 2007). That is what the Arizona Court of Appeals did in Petitioner's case. There was no violation of clearly established federal law.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 15) is **ADOPTED**. The petition for writ of habeas corpus (Doc. 6) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified as the Petitioner has not demonstrated a substantial showing of the denial of a constitutional right.

Dated this 17th day of May, 2022.

_____
Honorable Roslyn O. Silver
Senior United States District Judge